**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN TIMOTHY HALTER,**

    **Plaintiff,**

  vs.                                                  Civil Action 2:09-CV-909
                                                        Judge Watson
                                                        Magistrate Judge King

**LAURA L. SAMUELS,**

    **Defendant.**

### REPORT AND RECOMMENDATION

       Plaintiff, a federal prisoner, filed a complaint against defendant, a court reporter in this Court, alleging that errors in plaintiff's criminal trial transcript denied him his constitutional right of access to the courts. *Complaint,* Doc. No. 1. *See Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). The complaint seeks monetary damages. *Complaint,* p.5. This matter is now before the Court for the initial screen of the complaint required by 28 U.S.C. §1915A(a)("the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer or employee of a governmental entity.").

       Following a trial that extended from November 9 through November 18, 2005, a jury convicted plaintiff of possession of child pornography that had been shipped through interstate commerce in violation of 18 U.S.C. §2252(a)(4)(B),(b)(2). *United States v. Halter*, 2:04-CR-189 [hereinafter "*Crim. Tr. Docket*"], Doc. Nos. 70-74, 76-77, 82-83. On June 2, 2006, plaintiff was sentenced to 60 months imprisonment. *Id.,* Doc. Nos. 109, 110. Plaintiff's criminal conviction was affirmed on appeal. *United States v. Halter*, Case No. 06-3802 (6th Cir., January

7, 2008)[hereinafter "*Crim. Appeal*"]. In affirming plaintiff's conviction and sentencing, the United States Court of Appeals made no mention of any deficiency in the transcripts in this case. *See Crim. Tr. Docket,* Doc. No. 163.[1] Plaintiff's petition to the United States Supreme Court for a writ of *certiorari* was denied. *See Crim. Tr. Docket,* Doc. No. 177.

The attorney retained by plaintiff for purposes of his direct appeal ordered the trial transcript, *Crim. Tr. Docket,* Doc. No. 117, and on July 25, 2006, the entire trial transcript, consisting of 7 volumes, was filed with the Court. *Id.,* Doc. No. 118. The sentencing transcript was filed on July 27, 2006. *Id.,* Doc. No. 119. On October 19, 2006, two volumes of excerpted proceedings, relating to November 9 and November 18, 2005, were also filed. *Id.,* Doc. No. 120.

In his *Complaint*, plaintiff alleges that the transcripts omitted "[c]ritical wording" in "testimony of for example Jeffery Jordan and other witnesses." *Complaint*, p.1. However, plaintiff does not specify any language that was omitted from the transcripts. The *Complaint* also refers to allegedly inaccurate dates on the face sheet of one volume of the transcript. *See Exhibit B* attached to *Complaint*.[2] Referring to the excerpted version of plaintiff's trial transcript, *see Crim. Tr. Docket,* Doc. No. 120, plaintiff also appears to complain that the preparation and filing of these two volumes constitute a violation

---

[1] Plaintiff filed a motion to vacate under 28 U.S.C. §2255 while his direct appeal was pending. *Crim. Tr. Docket*, Doc. No. 135. That petition was dismissed. *Id.,* Doc. No. 153.

[2] Plaintiff complains that, although the transcript refers to proceedings of November 11, 2005, the actual date of the proceedings reflected in that transcript was November 15, 2005. Plaintiff also complains that the face sheet erroneously referred to "a duly impaneled jury sitting at Columbus, Ohio, from November 9 through November 18, 2005." However, as noted *supra,* those are the accurate dates of plaintiff's criminal trial.

of the defendant court reporter's obligation to "to record[] verbatim" every court proceeding. *See* 28 U.S.C. §753(b). Plaintiff alleges that the defendant court reporter's "failure to provide plaintiff with the correct verbatim copy of plaintiff's trial transcript has denied plaintiff meaningful access to the federal courts in violation of plaintiff's 5th Amendment Due Process rights." *Complaint*, p.3.

The Court notes, first, that this action is untimely. A *Bivens* claim in Ohio must be instituted within two years of the time the cause of action arose. *Ruff v. Runyon,* 258 F.3d 498, 500-01 (6th Cir. 2001); *Shannon v. Recording Ind. Ass'n of Amer.,* 661 F.Supp. 205, 209 (S.D. Ohio 1987). A *Bivens* claim arises when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991)(citing *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984)). "A plaintiff has reason to know of his injuries when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273 (citing *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977)). In this case, the transcripts were filed on July 25, 2006. *Crim. Tr. Docket,* Doc. No. 118. The *Complaint* in this action was filed nearly three years later, on October 13, 2009. Doc. No. 1.[3] Plaintiff has had reason to know of the facts underlying his claim at least since August 3, 2007, the date on which he was granted leave to proceed on appeal *pro se. See Order, Crim. App.* The complaint executed and filed more than two years later is untimely.

Moreover, to the extent that plaintiff's claim for damages attacks the lawfulness of his criminal conviction, his complaint fails

---

[3] Plaintiff represents that he executed the *Complaint* on September 8, 2009 -- still more than 3 years after the trial transcripts were filed. Doc. No. 1, p.3.

to state a claim for relief under *Bivens*. *See Lanier v. Bryant*, 332 F.3d 999, 2003 Fed. App. 0203P, at 1005 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)) (a claim for damages that necessarily implies the invalidity of a criminal conviction cannot proceed until such time as the conviction is reversed on direct appeal, expunged, or otherwise declared invalid).

Finally, plaintiff's actual allegations against the defendant and assertions of insufficiency of the transcript are either inaccurate or so non-specific as to be meaningless. Plaintiff complains about the filing of excerpted portions of proceedings but the record also reflects that the entire trial transcript was in fact filed. *Crim. Tr. Docket*, Doc. Nos. 118, 119. He complains about inaccurate dates, although the docket actually supports the dates referred to in the transcript. Finally, although plaintiff alleges generally that critical wording was omitted from the testimony of witnesses (one identified, others unidentified), he nowhere states what language was actually omitted. Finally, plaintiff does not allege in what respect the claimed deficiencies in the transcripts denied him access to the courts.

For all these reasons, it is **RECOMMENDED** that the *Complaint* be **DISMISSED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

4

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

December 4, 2009               *s/Norah McCann King*
                                  Norah M<sup>c</sup>Cann King
                         United States Magistrate Judge