IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Timothy Halter,

        Plaintiff,

v.                                       Case No. 2:09-cv-909

Laura L. Samuels,                    Judge Michael H. Watson
                                              Magistrate Judge King

        Defendant.

## OPINION AND ORDER

       Plaintiff, currently incarcerated after having been convicted in this Court for possession of child pornography, brings this civil action against the court reporter at his criminal trial alleging that errors in the trial transcript purchased by him denied him his constitutional right of access to the Court. On December 4, 2009, the United States Magistrate Judge performed the initial screen of the *Complaint* required by 28 U.S.C. §1915A(a) and recommended that the action be dismissed. *Report and Recommendation*, Doc. No. 6. This matter is now before the Court on plaintiff's *Objections* to that *Report and Recommendation*, Doc. No. 8. The Court will consider the *Report and Recommendation*, plaintiff's *Objections*, and the entire record *de novo*. 28 U.S.C. §636(b).[1]

Underlying most of plaintiff's objections is his characterization of the transcripts prepared by defendant and filed in this action as "in excerpted form rather [than] in a verbatim form as prescribed by law." *Id.*, at 1. This contention ignores the fact that, although the docket

---

[1] Plaintiff misapprehends the *Report and Recommendation* and characterizes it as having been filed, not by the United States Magistrate Judge, but by "defendant's attorney of record." *Objections,* at 1.

does include transcripts of excerpted proceedings, *see United States v. Halton,* 2:04-CR-189, Doc. No. 93, 120, the entire trial transcript, consisting of seven volumes, was also filed with the Clerk's Office. *See* Doc. No. 118. Neither the defendant court reporter nor the Court controlled the use to which plaintiff's retained criminal defense counsel put these transcripts.

Noting plaintiff's contention that the transcripts omitted "[c]ritical wording" in "testimony of for example Jeffery Jordan and other witnesses," *Complaint*, at 1, the Magistrate Judge also noted that plaintiff failed to specify the precise language that was allegedly omitted. *Report and Recommendation,* at 2. In his objections, plaintiff now refers to his own "verbatim notes as certain people testified." *Objections*, at 2. Although it is not entirely clear whether plaintiff has included in his objections the testimony that he believes was omitted, it is now entirely clear that, in this civil action for damages, plaintiff intends to challenge his underlying criminal conviction: "The Plaintiff states that due to the transcript not being verbatim, he was constitutionally deprived of his liberty due to fatally flawed transcript in direct violation of the Court Reporter Act." *Objections*, at 7. The United States Supreme Court has held that a civil action cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck's* litigation bar applies with equal force to a civil action such as this, which presents claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Robinson v. Jones,* 142 F.3d 905, 906-07 (6th Cir. 1998). Because it appears that plaintiff intends, by this action, to effectively challenge the validity of his criminal conviction, this action must be dismissed. Having carefully reviewed the *Complaint*, the *Report and Recommendation* and plaintiff's

2

*Objections* to that *Report and Recommendation*, the Court concludes that plaintiff's *Objections* are without merit and they are therefore **DENIED**.

The Court **ADOPTS** and **AFFIRMS** the *Report and Recommendation*.

This action is **DISMISSED**. The Clerk shall enter **FINAL JUDGMENT**.

Michael H. Watson, Judge
United States District Court